**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE. NO. 21-CR-422-APM** |
| | : | |
| | : | |
| **SEAN DAVID WATSON,** | : | |
| | : | |
| **Defendant** | : | |

**JOINT MOTION FOR CONTINUANCE**
**AND JOINT STATUS REPORT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, by and through his attorney, Shane O'Neal (collectively, "the Parties"), respectfully request a 30-day continuance of this matter and also submit a joint status report, and state as follows:

1. On June 22, 2021, the defendant, Sean David Watson was charged by way of information with (Count One) Entering and Remaining in a Restricted Building or Grounds in violation of Title 18 U.S.C. § 1752(a)(1); (Count Two) Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of Title 18 U.S.C. § 1752(a)(2); and (Count Three) Impeding Ingress and Egress in a Restricted Building or Ground and Aiding and Abetting in violation of Title 18 U.S.C. § 1752(a)(3) and 2. ECF 10.

2. The defendant has been out on bond since his arrest on April 28, 2021. Defendant remains compliant with conditions of release.

3. Since the Initial Appearance on June 24, 2021, the Court has ordered the exclusion

of time from Speedy Trial calculations through February 17, 2022, collectively. The Court has also ordered a status hearing on February 17, 2022, at 10:30am.

4. Since the last Joint Status Conference, the parties have discussed and reviewed the facts of this case and begun plea negotiations. Additionally, since January 4, 2022, the government has provided sensitive or highly sensitive discovery, termed Global Production No. 10, via USAFx. This discovery includes: (1) 10 videos from the House Recording Studio including an authenticity certificate and a related FBI report interview; (2) files from the DC Metropolitan Police Department's (MPD's) Electronic Surveillance Unit including reports and videos; (3) MPD's report of a specific U.S. Capitol Police Officer's use of force and accompanying attachments; (4) attachments to MPD's Investigative Reports concerning use of force; and (5) 10 videos from the Senate Recording Studio including an authenticity certificate and a related FBI report interview. These materials (Global Production 10) along with previous productions (Global Productions 8, 9 and portions of No. 2) have also been shared to the defense Relativity workplace. The government is in the process of transferring Global Productions Nos. 1 through 7 (previously provided via USAFx) to the defense Relativity workspace.

5. In addition to Global Production materials, on January 28, 2022, the following items among others were produced to the defense Relativity workspace: 8 sensitive audio files of Capitol Police radio communications and redacted transcripts; a spreadsheet listing start times of Arlington County Police pole camera videos; 18,484 anonymous tip files and related documentation to the MPD Tipline; 3 interview reports and 4 related files regarding Safeway Grocery stores and interstate commerce; and 3 sensitive files regarding the security of Vice President Pence. Defense counsel has been offered access to this defense Relativity workspace

via the Federal Public Defender's (FPD's) office in DC. Through the FPD office, defense counsel also has access to evidence.com to access voluminous video files. Note, pursuant to protective order in this case (ECF 14), parties remain complaint with discovery designated as Sensitive or Highly Sensitive.

6. On February 15, 2022, a Memorandum Regarding Status of Discovery as of February 9, 2022, was filed. This memorandum addresses the status of: (1) production of voluminous amounts of video to the FPD instance of evidence.com, and the multiple tools the government has provided to assist the defense in locating footage they may consider relevant; (2) the ability of inmates housed in the D.C. Department of Corrections ("DOC") to access those same materials through a separate DOC instance of evidence.com; (3) voluminous documents produced since our last status memorandum dated November 5, 2021; (4) the ability of legal defense teams to obtain access to FPD's Relativity workspace, and the current contents of that database; (5) manner of production of voluminous documents in view of defense counsel access to Relativity; (6) plans for an e-discovery room in the DOC; (7) access by inmates to laptops made available through the DOC's e-discovery program; (8) access to voluminous discovery by *pro se* defendants; (9) challenges we are overcoming; and (10) our plan for certain trials that may proceed before our discovery plan is substantially executed. Defense counsel stated he could use more time to access and review Relativity given the amount of discovery in this matter.

/

/

/

/

7. Parties are agreed to a 30-day continuance of this matter and to excluding the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Parties are in active plea negotiations and believe this time will allow for further production and review of discovery and will facilitate resolution of this case short of trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/
GRACIELA R. LINDBERG
Assistant United States Attorney
Texas Bar No. 00797963
11204 McPherson Road, Suite 100A
Laredo, Texas 78045-6576
956-754-9350
graciela.lindberg@usdoj.gov

/s/
SHANE O'NEAL
101 E. Avenue B
Alpine, Texas 79830
713-516-3505
shane@shaneoneallaw.com